# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**DENARIUS LEWIS on their own behalf
and others similarly situated, CAROLL
RUIZ on their own behalf and others
similarly situated,
COREY WEINER on their own behalf and
others similarly situated,**

                        **Plaintiffs,**

-vs-                                              **Case No.  2:10-cv-760-FtM-36DNF**

**PANERA BREAD COMPANY, a foreign
corporation,**

                        **Defendants.**
_____

## ORDER

On April 2, 2012, the Plaintiffs, Denarius Lewis, Caroll Ruiz, and Corey Weiner filed a Notice

of Voluntary Dismissal Without Prejudice (Doc. 32) indicating that the Plaintiffs are voluntarily

dismissing this case. On December 21, 2011, the parties filed a Joint Motion for Further Extension

of Stay (Doc. 30) indicating that the parties were attempting to resolve this case, and the Court is

unsure if the parties have settled this action.  This action was brought under the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201-218.   In considering a claim under the FLSA, the Court must

determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the

FLSA issues.  *See*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11ᵗʰ Cir. 1982).

When the settlement is not one supervised by the Department of Labor, then the only other method

for compromise of FLSA claims is provided by employees bringing suit against their employer under

section 216(b) to recover back wages for FLSA violations.  *Id*. at 1353.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Id*. (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (5th Cir. 1947)).

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

For the Court to determine if the settlement is fair and reasonable the Court will need additional information.  The additional information needed is as follows:

1) If the FLSA claim was not compromised, and the Defendant paid the Plaintiff's request in full, then the parties must file a joint notice with the Court within fourteen (14) days, indicating that the FLSA claim was not compromised and the parties must also file a joint stipulation of dismissal in accordance with FED. R. CIV. P. 41 to have this case dismissed.

2) If the FLSA claim was compromised, then the parties must file jointly the following:

a)  A copy of any settlement agreement;

b) The amount of hours that the Plaintiff claimed he worked that was unpaid overtime, and his hourly rate;

c) The amount of money that the Plaintiff was seeking for overtime worked and unpaid wages;

d) Whether the attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, *See, Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009) or provide the number of hours worked by Plaintiff's attorney and the hourly rate of Plaintiff's attorney.

3) If the Plaintiffs are requesting that the Court voluntarily dismiss this action and that no settlement was reached, then the Plaintiffs and Defendant  must file a joint notice with the Court within fourteen (14) days, indicating that they are requesting that this action be voluntarily dismissed and no settlement was reached.

**IT IS HEREBY ORDERED:**

The parties shall have fourteen (14) days from the date of this Order to file this additional information.  This information must be filed in a joint document agreed to by all parties.


**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this   5th   day of April, 2012.

_____

DOUGLAS N. FRAZIER

UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-3-